IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

FILED
AUG 19 2019
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| YULANDA LAKYSHA CURTIS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br>ROBERT WILKIE, SECRETARY OF<br>VETERANS AFFAIRS<br><br>Defendant. | DOCKET NO.: 19-CV-2225<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Yulanda Lakysha Curtis, alleges the following:

### I. NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), and the Rehabilitation Act of 1973 *as amended*.

2. Plaintiff, Yulanda Lakysha Curtis (hereinafter referred to as "Plaintiff"), alleges that Defendant, the Department of Veterans Affairs (hereinafter referred to as "VA"), unlawfully discriminated against her on the basis of race (African-American) and disability (scoliosis) when the VA denied Plaintiff a higher initial salary based on her race and disability.

1

3. Plaintiff seeks back pay and benefits with interest, compensatory damages, reasonable attorneys' fees and costs as remedies for the VA's violations of her rights.

## II. THE PARTIES

4. The VA, by and through Robert Wilkie, Secretary of Veterans Affairs, is a federal agency and all or most of the events alleged herein occurred while Plaintiff was employed or sought employment with the Board of Veterans Appeals ("Board"), a sub agency of the VA.

5. Plaintiff is an African-American with scoliosis. She worked as an attorney-advisor for the VA from approximately June 2013 to July 2015. She currently resides in Champaign County.

6. Plaintiff was a federal employee within the meaning of Title VII and the Rehabilitation Act when the events alleged herein occurred.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in Champaign, Illinois and no real property is involved in the action.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Pursuant to the Lilly Ledbetter Act, Plaintiff timely filed charges of ongoing compensation discrimination within the United States Equal Employment Opportunity Commission ("EEOC") based on race and disability. On or around August 8, 2019, the EEOC issued Plaintiff's Notice of Right to Sue. (EXHIBIT 1).

10. Plaintiff timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V. FACTUAL ALLEGATIONS

*Background*

11. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

12. In 2013 and 2014, the Board's Deputy Vice Chairman ("DVCs") David C. Spickler and Joaquin Aguayo-Pereles, established interview panels, composed of Veteran Law Judges ("VLJs") and senior counsel, to select attorney-advisors.

13. The interview panels possessed the authority to hire attorneys and determine the grade under which the selectees would be paid in accordance with the Federal government's General Schedule Pay Scale.

14. Thereafter, the Board's Human Resources Liaison Office, directed by SueAnn Jennings, worked with the Veterans Health Administration ("VHA") and Central Office Human Resource Services ("COHRS") to finalize tentative offers and handle requests for additional remuneration. These offers provided selectees' grade, step, and annual salary.

15. In 2013 and 2014, Office of Personnel Management ("OPM") policy allowed the VA to set a selectees' compensation based on a higher rate of pay received in a previous civilian federal job.

16. OPM's policy regarding setting a selectee's salary based on higher previous rate was applicable to both the GS-9 and GS-11 attorney-advisor positions at the Board in 2013 and 2014.

*Plaintiff's Requests for Additional Remuneration*

17. Plaintiff is an African-American female with scoliosis who worked for the VA in Detroit, Michigan as a GS-10, Step 1 Ratings Veterans Service Representative ("RVSR") until December 2012. In January 2013, she accepted employment with the Social Security Administration ("SSA") as a GS-11, Step 1 attorney-advisor.

18. After learning she was considered qualified but not selected for a GS-11 attorney-advisor position with the Board, Plaintiff emailed Ms. Jennings on March 22, 2013 regarding her application and whether her application would be kept for future vacancies. Ms. Jennings confirmed she would keep Plaintiff's application. Plaintiff's application contained Schedule-A information related to her disability and a copy of her Bar Card, which provided her full name, Yulanda Lakysha Curtis.

19. Plaintiff submitted an additional application on or before April 19, 2013. She was interviewed in person and selected for a GS-9 position.

20. When Plaintiff received her tentative offer of employment, she contacted Pamela Leach, a VHA Tiger Team member, about the offered salary and asked the VA to meet her higher previous rate of pay. Ms. Leach brought Plaintiff's requests to Ms. Jennings.

21. On May 10, 2013, Ms. Jennings emailed DVCs Spickler and Aguayo-Pereles and advised there was "no appropriate consideration [to provide Plaintiff]…the highest previous grade unless her experience was directly related."

22. Plaintiff's resume indicated years of federal work experience at the time of her selection; however, Ms. Jennings did not inquire about the duration Plaintiff received her previous rate of pay during salary negotiations.

23. On May 13, 2013, Ms. Leach subsequently advised Plaintiff that the GS-9, Step 1 position remained the only offer. Thereafter, Plaintiff emailed Ms. Jennings directly on

May 14, 2013 and asked if the Board matched current salaries. Ms. Jennings stated that the GS-9 position was appropriate.

24. That same day, Plaintiff telephoned Ms. Jennings twice, hoping to negotiate her salary. Ms. Jennings advised Plaintiff the Board "only negotiate[d] step increases for hard to fill positions."

*Decisionmaker - SueAnn Jennings's Behavior Towards Comparators*

*1.Tanikia Head*

25. One of the regular practices of the Board was to give particular attention to applicants with clerkship experience. (EXHIBIT 2 at 39:2-8).

26. On or around June 2013, the Board selected Tanikia Head, an African-American, for a GS-11 attorney-advisor position.

27. Ms. Head possessed prior federal experience as a judicial clerk.

28. Ms. Head's resume indicated she was a graduate of Howard University, a historically black university, and a member of Alpha Kappa Alpha, an African-American sorority.

29. On or around July 2013, Ms. Head noted her extensive legal experience as a judicial clerk. The HR specialist handling Ms. Head's intake forwarded her request to Ms. Jennings who stated that "she simply has to realize that this is the grade we can offer for her work experience based upon the Board's attorney position. The work of the attorneys in the BVA is extremely specialized and few applicants bring that level of expertise, thank you."

30. Ms. Jennings did not ask Ms. Head about her rate of pay as a clerk or the duration she held her previous rate of pay with the federal government.

*2. Allison Baumhart*

5

31. On or around April 2014, Ms. Jennings advised Quintina Neal, COHRS Human Resources Specialist, the Board "will meet the grade and step" of attorney selectees already in the federal government.

32. On or around May 16, 2014, the Board selected Allison Baumhart, a Caucasian, for an attorney-advisor position with the VA.

33. The interview panel selected Ms. Baumhart as a GS-9 because she lacked specialized experience related to the position.

34. Ms. Baumhart worked as an RVSR. When Ms. Baumhart asked Ms. Neil if the Board could credit her current grade to the position, Ms. Jennings advised Ms. Neal to match Ms. Baumhart's GS-11, Step 2 salary.

35. Ms. Neal informed Ms. Baumhart that the Board granted her requested GS-11, Step 2.

36. Plaintiff emailed Ms. Jennings on June 4, 2014 to ask why Ms. Baumhart was offered a GS-11 position when she had no previous attorney experience. Plaintiff reminded Ms. Jennings that she denied Plaintiff's request and "advised that due to [Plaintiff's] lack of attorney experience that the GS-9 was non-negotiable." Plaintiff also noted she and Ms. Baumhart had similar experience with the VA as RVSRs.

37. Not more than 5 minutes later, Ms. Jennings emailed Ms. Neal stating, "Please ensure Baumhart's letter is correct…it's a GS 9!!!! See the bad gossip below." Ms. Neal then told Ms. Baumhart the VA would match her salary "at the 9 level."

38. That same day, Plaintiff telephoned Ms. Jennings. Plaintiff identified Ms. Baumhart as the person in her earlier email and again asked Ms. Jennings if the Board granted Ms. Baumhart a GS-11 position or otherwise matched her salary. Ms. Jennings denied doing so.

39. Ms. Jennings did not ask or otherwise attempt to verify the duration Ms. Baumhart held her previous rate of pay with the federal government.

*3. Kimberly Rae Parke*

40. On or around June 5, 2014, the Board selected Kimberly Rae Parke, a Caucasian.

41. Ms. Parke was tentatively offered a GS-11, Step 1 attorney-advisor position. Ms. Parke possessed no specialized veteran law experience; however, she possessed prior federal experience.

42. Ms. Parke's resume did not indicate what her previous federal rate of pay was or the duration she received her previous rate of pay with the federal government. Ms. Parke's final salary offer was GS-11, Step 10.

43. Ms. Jennings possessed final authority on decisions regarding whether to provide a selectee with a higher grade or step. (EXHIBIT 3 at 29:1-2).

*4. Amanda Ploch*

44. On or around July 2014, the Board selected Amanda Ploch, a Caucasian.

45. Ms. Ploch was tentatively selected for a GS-11, Step 1 attorney-advisor position with the Board. Ms. Ploch possessed no specialized veteran law experience; however, she possessed prior federal experience as a GS-12, Step 1 judicial clerk.

46. On July 11, 2014, Ms. Neal asked Ms. Jennings if she could offer Ms. Ploch a GS-11, Step 5 based on her Standard Form 50 ("SF-50").

47. At the time of Ms. Neal's inquiry, Ms. Ploch's SF-50 did not indicate that she had one-year time in grade as a GS-12.

48. Nevertheless, Ms. Jennings confirmed that Ms. Neal could offer Ms. Ploch a GS-11, Step 5.

49. On or around August 2014, Ms. Jennings informed a Board employee "We can legally offer steps to come closer to a current salary if someone is coming from another federal agency."

*Other Examples of the Board Applying OPM's Policy Under SueAnn Jennings Guidance*

50. The Board's interview panels received guidance from their human resource office regarding salary policies.

51. SueAnn Jennings was the principal advisor and point of contact for the human resources office at the Board. (Exhibit 4 at 23:16-19).

52. On or around June 2013, the Board selected George Waddington, a Caucasian, for a GS-11 attorney-advisor position with the Board.

53. Mr. Waddington was a GS-11 attorney-advisor with SSA prior to being selected by the VA and possessed less than one year of attorney experience when selected. Mr. Waddington possessed less than one year of time in grade as a GS-11 when selected. He also did not possess specialized veteran law experience when selected.

54. The Board's interview panel matched Mr. Waddington's previous rate of federal pay.

55. On May 7, 2014, the Board's interview panel selected Sarah Posner, a Caucasian, for a GS-11 attorney-advisor position.

56. Ms. Posner possessed less than one year of attorney experience and no specialized veteran law experience when selected. Ms. Posner also possessed less than one year of time in grade as a GS-11 when selected.

57. The Board's interview panel matched Ms. Posner's previous rate of federal pay.

*The VA Has Knowledge and Information Necessary to Answer this Complaint*

58. The Federal government collects demographic data regarding the self-reported race, ethnicity, and disability status of federal employees.

59. Upon information and belief, George Waddington and Kimberly Rae Parke are employees of the VA. Allison Baumhart is a former employee of the VA.

60. Upon information and belief, Sarah Posner is an employee of the National Labor Relations Board.

61. Upon information and belief, Tanikia Head is an employee of the Social Security Administration.

62. Upon information and belief, Amanda. Ploch is an employee of the Consumer Financial Protection Bureau.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Race Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)

63. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

64. Plaintiff, an African-American, is a member of a protected class.

65. Plaintiff qualified for and requested a higher initial salary than what was offered by the VA.

66. Plaintiff suffered an adverse employment action when the VA denied her a higher grade, step, and income.

67. The VA treated Plaintiff and others in her protected class differently from Caucasians who were eligible for a salary match based on prior federal experience.

68. The VA inconsistently applied and/or deviated from OPM's policy when it denied Plaintiff's request for additional remuneration.

69. Plaintiff's race was the determining factor and/or motivating factor in the VA's actions.

70. The actions taken by the VA, as described herein, violate Plaintiff's rights under Title VII of the Civil Rights Act.

71. The VA caused, contributed to, or caused the continuation of compensation discrimination based on race in violation of Title VII.

72. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the VA's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other relief available for discrimination claims at trial.

73. The VA's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race.

## SECOND CLAIM FOR RELIEF

Disability Based Discrimination in Violation of the Rehabilitation Act, *as amended*, 29 U.S.C. § 791 et seq.

74. Plaintiff incorporates by reference as if fully set forth herein allegations contained in the paragraphs above.

75. Plaintiff is a member of a protected class.

76. Plaintiff qualified for a higher salary than what was offered by the VA.

77. Plaintiff suffered an adverse employment action when the VA denied her a higher grade, step, and income.

78. At all times relevant hereto, the VA knew or had reason to know of Plaintiff's disability and/or Plaintiff's record of disability and/or perceived Plaintiff as having a disability within the meaning of the Rehabilitation Act.

79. Upon information and belief, the VA treated Plaintiff differently from non-disabled selectees who were eligible for a salary match based on prior federal experience.

80. The VA inconsistently applied and/or deviated from OPM's policy when it denied Plaintiff's request for additional remuneration.

81. Plaintiff's disability was the determining factor and/or motivating factor in the VA's actions.

82. The VA caused, contributed to, or caused the continuation of compensation discrimination based on disability in violation of the Rehabilitation Act.

83. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the VA's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and monetary relief available for discrimination claims at trial.

84. The VA's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for relief as follows:

A. For lost wages and all other compensation and benefits denied or lost to Plaintiff by reason of the VA's unlawful actions, in an amount to be proven at trial;

B. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

C. For interest on lost wages, compensation, and damages, including an upward adjustment for inflation;

D. For reasonable attorneys' fees and costs of suit;

E. For such other and further relief as this court deems just and proper.

Respectfully submitted,

_____
Yulanda Lakysha Curtis
217 S. Neil St. Apt. 416
Champaign, IL 61820
Ph: (734) 716-7597
E-Mail: Yulanda.Curtis@gmail.com
August 19, 2019

## VERIFICATION

I, Yulanda Lakysha Curtis, verify under penalty of perjury that I have read the above complaint and its contents. I also verify that, to the best of my knowledge and recollection, the matters stated in the complaint are true and correct.

_____
Yulanda Lakysha Curtis
217 S. Neil St. Apt. 416
Champaign, IL 61820
Ph: (734) 716-7597
E-Mail: Yulanda.Curtis@gmail.com
August 19, 2019